Filed 3/9/23

CERTIFIED <u>FOR</u> PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LILIA GARCIA-BROWER, as Labor Commissioner, etc., | C089148 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2019-00249023-CU-PT-GDS) |
| v. | |
| NOR-CAL VENTURE GROUP, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, David I. Brown, Judge. Reversed with directions.

Rogers Joseph O'Donnell, John G. Heller, Dennis C. Huie, and Emily A. Wieser for Defendant and Appellant.

Miles E. Locker for Plaintiff and Respondent.

1

During an investigation into possible violations of California overtime laws by appellant Nor-Cal Venture Group, Inc. (Nor-Cal), a company that operates fast food restaurants in the Sacramento area, respondent Labor Commissioner for the State of California (Commissioner) subpoenaed business records from Nor-Cal. Later, Commissioner issued a wage citation to Nor-Cal, seeking over $900,000 in penalties and unpaid wages for alleged misclassification of about 40 restaurant managers. Nor-Cal challenged the wage citation in an "informal" adjudicatory hearing, and while that adjudication was pending, Commissioner issued a subpoena directing Nor-Cal's "Person(s) Most Knowledgeable" on certain topics to testify at a deposition. When Nor-Cal refused, Commissioner filed a petition in the trial court to compel Nor-Cal to comply. The trial court agreed with Commissioner and ordered Nor-Cal to comply with the deposition subpoena.

On appeal, Nor-Cal challenges the trial court's order, arguing (1) the Government Code does not contemplate parties to adjudicatory informal hearings taking depositions for the purpose of discovery; and (2) because, under the trial court's reasoning, only Commissioner may issue deposition subpoenas during the pendency of an informal adjudication, the trial court's order permitting non-reciprocal discovery violates due process principles.

California's overall statutory scheme regarding administrative proceedings provides for only limited discovery in connection with informal agency adjudications. So while Commissioner has broad power to issue investigative subpoenas to a company for suspected violations of the law, that broad power ends upon initiation of adjudicative proceedings against the company. Accordingly, we reverse the trial court's order compelling Nor-Cal to comply with Commissioner's deposition subpoena.

FACTUAL AND PROCEDURAL BACKGROUND

Nor-Cal operates over 20 fast food restaurants in the Sacramento area. In 2017, after a former employee accused Nor-Cal of wrongfully denying overtime pay, a deputy

2

labor commissioner issued to Nor-Cal subpoenas seeking business records, including time records, payroll records, and salaries of employees Nor-Cal classified as managers. Nor-Cal produced documents in response.

In June 2017, the deputy labor commissioner issued a wage citation to Nor-Cal for, inter alia, unpaid overtime wages from July 1, 2014, to March 15, 2017. Including penalties, the citation sought over $900,000 from Nor-Cal for alleged misclassification of about 40 restaurant managers. Accompanying the citation was a document explaining Nor-Cal's right to contest the citation by requesting "an informal hearing" within 15 business days. Nor-Cal exercised that right, and the hearing ultimately was scheduled for January 22, 2019.

In December 2018, counsel for Commissioner issued to Nor-Cal a subpoena directing Nor-Cal's "Person(s) Most Knowledgeable" (on multiple topics relating to classification of restaurant employees as managers) to testify in connection with the pending matter at a deposition in Commissioner's San Francisco office on January 11, 2019. The subpoena explained the deposition would cover "the period from July 1, 2014 to the present," and was "pursuant to Labor Code section 92 and Government Code section 11181."

Expressing "doubts" regarding Commissioner's use of Government Code[1] section 11181 "for discovery in an 'informal hearing,' " the hearing officer nevertheless granted Commissioner's request to postpone the informal hearing to allow the parties to litigate in the trial court the propriety of the deposition subpoena. To that end, Commissioner filed a petition to compel Nor-Cal to comply with the deposition subpoena. Nor-Cal opposed, arguing inter alia that the deposition subpoena improperly invoked Commissioner's investigatory power after the investigation into Nor-Cal's business practices *ended* (when

---

[1] Undesignated statutory references are to the Government Code.

3

Nor-Cal received the wage citation) and Commissioner became party to a pending adjudication with specific statutorily prescribed procedures.

The trial court ruled in Commissioner's favor, concluding Commissioner may use investigatory powers found in section 11181 to obtain information for use at a pending adjudicatory informal hearing, because the statutory schemes for agency investigations and agency adjudications "may operate simultaneously." Nor-Cal timely appealed the trial court's order that it comply with the deposition subpoena. (*State Water Resources Control Bd. v. Baldwin & Sons, Inc*. (2020) 45 Cal.App.5th 40, 50, fn. 7 [appealable order].)

## DISCUSSION

Nor-Cal argues the Government Code does not contemplate parties to adjudicatory informal hearings taking depositions for the purpose of discovery. Further, because section 11181 contemplates only an *agency's* power to subpoena witness testimony, Nor-Cal argues the trial court's order violates due process principles as it permits non-reciprocal discovery.

Commissioner argues state law contemplates an agency's "simultaneous[]" exercise of powers articulated in different chapters of the Government Code corresponding to agency investigative and adjudicative functions. Commissioner further contends Nor-Cal's due process claim lacks merit. We agree with Nor-Cal in light of the overall statutory scheme, and therefore need not address the due process claim.

### I

*Legal Background*

Sections 11180-11191 (Gov. Code, tit. 2, div. 3, pt. 1, ch. 2, art. 2) concern agency investigations and hearings (see §§ 11180-11191). Sections 11400-11529 (Gov. Code,

4

tit. 2, div. 3, pt. 1, chs. 4.5 & 5)[2] concern agency administrative adjudications (see §§ 11400-11529).

      A.      *Agency Adjudications Under the Administrative Procedure Act*

California's Administrative Procedure Act (APA) establishes the procedures for certain agency proceedings. It "covers both (1) administrative regulations and rulemaking (§§ 11340-11357), and (2) administrative adjudications (§§ 11400-11529)." (*California Youth Authority v. State Personnel Bd.* (2002) 104 Cal.App.4th 575, 589.) This appeal implicates only the APA's administrative adjudication provisions.

"California's original APA (Stats. 1945, ch. 867, § 1, p. 1626) was pioneering but limited. [Citations.] It applied principally to licensing cases and covered only certain aspects of administrative practice." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 8.) "In 1987, the Legislature directed the California Law Revision Commission . . . to study administrative adjudication and propose reforms to the APA. [Citations.] After seven years, the Commission came back with extensive recommendations" (*id.* at pp. 8-9, fn. omitted) that the Legislature largely adopted, including a new optional "informal hearing procedure . . . intended to satisfy due process and public policy requirements in a manner . . . simpler and more expeditious than hearing procedures otherwise required by statute" (§ 11445.10, subd. (b)(1), added by Stats. 1995, ch. 938, § 21).

In proposing an adjudicatory informal hearing procedure, the California Law Revision Commission sought to "continue[] the limited discovery approach of existing law," explaining: "extensive discovery available in civil proceedings is inappropriate for administrative adjudications, which should be simple, quick, and inexpensive."

---

[2] Future references to "chapter 4.5" are to chapter 4.5 of part 1 of division 3 of title 2 of the Government Code.

(Recommendation: Administrative Adjudication by State Agencies (Jan. 1995) 25 Cal. Law Revision Com. Rep. (1995) pp. 55, 116.)

The adjudicatory informal hearing scheme includes language providing that chapter 4.5 (§§ 11400-11475.70) "supplements the governing procedure by which an agency conducts an adjudicative proceeding" (§ 11415.10, subd. (b)); language permitting an agency to "use the subpoena procedure provided in" article 11 of chapter 4.5 (§§ 11450.05-11450.50) in an informal hearing (§ 11450.05, subd. (b)); and language contemplating subpoenas "for attendance at a hearing and for production of documents at any reasonable time and place or at a hearing" (§ 11450.10, subd. (a)).

B.  *Agency Investigations*

Section 11180 authorizes agencies to "make investigations and prosecute actions concerning: [¶] [a]ll matters relating to . . . subjects under" their jurisdiction.  (§ 11180, subd. (a).)  "In connection with any investigation or action authorized by [§§ 11180-11191]," an agency may "[i]ssue subpoenas for the attendance of witnesses and the production of papers, books, accounts, documents . . . and testimony pertinent or material to any inquiry, investigation, hearing, proceeding, or action conducted in any part of the state."  (§ 11181, subd. (e).)

Labor Code section 92 permits Commissioner to issue subpoenas "to compel the attendance of witnesses and parties and the production of books, papers and records; administer oaths; examine witnesses under oath; . . . and take depositions and affidavits for the purpose of carrying out the provisions of this code and" pertinent laws.  (Lab. Code, § 92.)

C.  *Ascertainment of Legislative Intent*

"In construing a statute, we look to the words of the statute to determine legislative intent and to fulfill the intent of the law.  [Citation.]  Where the language of the statute is clear and unambiguous, we follow the plain meaning of the statute and need not examine other indicia of legislative intent.  [Citation.]  The language is construed in

6

the context of the statute as a whole and the overall statutory scheme." (*In re J.P.* (2014) 229 Cal.App.4th 108, 122-123.) "We read related provisions together as part of an overall statutory scheme, so as to harmonize them and give them all effect if possible." (*The Formula Inc. v. Superior Court* (2008) 168 Cal.App.4th 1455, 1461.)

II

*Analysis*

A.    *Standard of Review*

"An administrative agency has only those powers that have been granted expressly or impliedly by Constitution or statute. [Citations.] When the essential facts are not in dispute, whether an administrative agency has acted beyond its granted powers — i.e., has exceeded its jurisdiction — is a question of law reviewed de novo on appeal." (*Stiger v. Flippin* (2011) 201 Cal.App.4th 646, 651.) Accordingly, we review de novo the trial court's ruling.

B.    *The Statutory Scheme*

By issuing the wage citation to Nor-Cal in June 2017, and triggering Nor-Cal's right to contest the citation, Commissioner moved the matter from an investigatory phase to an adjudicatory one. And under the overall statutory scheme, that choice precluded Commissioner from later invoking powers that exist solely during the investigatory phase, including the power to issue a deposition subpoena. The trial court erred in ruling otherwise.

Commissioner concedes none of the statutes in sections 11400-11475.70 ("the provisions" that "unquestionably apply" to Nor-Cal's appeal of the wage citation) provide for depositions, but observes those statutes also do not "prohibit . . . issuan[ce]" of deposition subpoenas and taking depositions under section 11180 et seq. Accordingly, Commissioner reasons, "both statutory schemes" — investigatory and adjudicatory — "apply simultaneously." This contention mirrors the trial court's conclusion the statutory schemes may operate simultaneously. We disagree.

7

The operative question here is not whether Commissioner is expressly prohibited from issuing deposition subpoenas in connection with a pending adjudicatory informal hearing; but whether Commissioner's claimed power to issue such deposition subpoenas has been *granted* expressly or impliedly by statute. (*Stiger v. Flippin*, *supra*, 201 Cal.App.4th at p. 651.) The answer to that question is "no."

Considered together, section 11180 et seq. and section 11400 et seq. contemplate different phases during which an agency may administer the law with distinct powers that do not operate simultaneously. In contrast to the relatively robust scheme empowering agencies to investigate, including through use of discovery tools such as deposition subpoenas, agency powers in the adjudicatory informal hearing phase are more limited.

In an adjudicatory informal hearing, an agency "*may* use the subpoena procedure provided in" sections 11450.05-11450.50. (§ 11450.05, subd. (b), italics added.) Given express legislative intent that the informal hearing procedure be simpler and more expeditious and persuasive evidence of legislative intent that the extensive discovery of typical civil proceedings is inappropriate for administrative adjudication (Recommendation: Administrative Adjudication by State Agencies (Jan. 1995) 25 Cal. Law Revision Com. Rep., *supra*, p. 116; see *Donkin v. Donkin* (2013) 58 Cal.4th 412, 424, fn. 8 [" 'Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law' "]), the term "may" in section 11450.05, subdivision (b) imposes a ceiling — not a floor — on the scope of an agency's subpoena powers exercised in connection with an informal hearing.

The height of that ceiling is described by section 11450.10, subdivision (a), which contemplates subpoenas only "for attendance at a hearing and for production of documents at any reasonable time and place or at a hearing" (*ibid.*). As the word "hearing" in section 11450.10, subdivision (a) clearly refers to an adjudicatory informal

hearing, it follows that when such a hearing is pending, an agency may issue subpoenas for attendance and production of documents, but not for depositions.

Commissioner's invocation of case law interpreting agency *investigatory* power is inapposite.

Nor does section 11415.10, subdivision (b) support the Commissioner's argument. The statute provides: "This chapter supplements the governing procedure by which an agency conducts an adjudicative proceeding." (*Ibid*.) Commissioner emphasizes the word "supplements" in the text, suggesting the statute thereby places no limits on "authority given to . . . agencies under sections 11180-11191," the statutory scheme concerning agency investigations. Section 11415.10, subdivision (b) expressly references an agency's adjudicative proceedings, not its investigative powers, and we will not infer an entirely different implicit meaning.

To the extent Commissioner argues the December 2018 deposition subpoena was valid insofar as it referenced dates not covered by the wage citation, we decline to consider the argument, which appears only in a footnote. (See *Alexander v. Exxon Mobil* (2013) 219 Cal.App.4th 1236, 1260, fn. 10 [declining to consider argument by respondent raised in a footnote]; *Evans v. Centerstone Development Co*. (2005) 134 Cal.App.4th 151, 160 [appellate court may disregard points raised in a footnote].)

Our holding does not, as Commissioner suggests, mean "investigation before the issuance of a citation, and *no investigation* thereafter." Our holding is only that Commissioner's deposition subpoena issued to Nor-Cal, a party opponent in a pending informal hearing, was unauthorized as a statutory matter. Accordingly, we reverse the trial court's order, and remand with instructions to deny Commissioner's petition to compel.

9

DISPOSITION

The trial court's order compelling Nor-Cal to comply with Commissioner's December 2018 deposition subpoena is reversed, and the matter is remanded with instructions to the trial court to deny Commissioner's petition to compel. Nor-Cal is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
HULL, Acting P. J.


_____/s/_____
EARL, J.